IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **ARLENE MINICONZI** | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-cv-5898 |
| | : | |
| **ANDREW M. SAUL**, | : | |
| *Commissioner of the Social* | : | |
| *Security Administration.* | : | |
| | : | |

# ORDER

**AND NOW**, this 1st day of March, 2021, upon consideration of Plaintiff's "Brief and Statement of Issues in Support of Her Request for Review (ECF No. 13), Defendant's response (ECF No. 14), Plaintiff's reply (ECF No. 15), the Report and Recommendation by United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 18), Plaintiff's objections (ECF No. 20), Defendant's response (ECF No. 21), and the administrative record, I find as follows:

**I.     Procedural Background**[1]

1. On March 28, 2016, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. § 410, et seq., alleging disability—since August 1, 2013—due to various physical impairments.

2. The state agency initially denied Plaintiff's application, prompting her to request an administrative hearing before an Administrative Law Judge ("ALJ"). Following that hearing, the ALJ issued a decision, dated November 23, 2018, deeming Plaintiff not disabled. While the ALJ determined that Plaintiff has severe physical impairments,

---

[1] In lieu of engaging in a lengthy discussion of the factual background of Plaintiff's medical history, I incorporate by reference the thorough discussion set forth in the Report and Recommendation.

including cervical myelopathy, polyarthritis, fibromyalgia, migraines, carpal tunnel syndrome, kidney stones, and obesity, the ALJ found that none of these impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ further concluded that Plaintiff retains the residual functional capacity to perform sedentary work, as defined in 20 C.F.R. 404.1567(a) and 416.967(a), with certain limitations.  Despite these limitations, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform.

3. The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's ruling the final decision of the Commissioner of Social Security.

4. Plaintiff filed this action on December 13, 2019, challenging the ALJ's decision.  The matter was referred to United States Magistrate Judge Carol Sandra Moore Wells, who issued a Report and Recommendation ("R&R") on August 10, 2020, recommending that Plaintiff's request for review be denied and the decision of the Commissioner be affirmed.

5. Plaintiff timely filed objections on August 17, 2020, alleging that: (A) the Magistrate Judge erred in her review of the ALJ's treatment of Dr. Rhee's medical opinions; and (B) the Magistrate Judge erred in her review of the ALJ's consideration of Plaintiff's own testimony about her functional abilities.[2]

---

[2]   Where a United States Magistrate Judge has issued a report and recommendation in a social security case and a party makes a timely and specific objection to that report and recommendation, the district court is obliged to engage in *de novo* review of only those issues raised on objection. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes.  The court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1).  In the exercise of sound judicial discretion, the court may also rely on the Magistrate Judge's proposed findings and recommendations.  See United v. Raddatz, 447 U.S. 667, 676 (1980).

**II.      Standard of Review**

6.  The court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." Gilmore v. Barnhart, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005) (quoting Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001)).

7.  With respect to legal conclusions reached by the Commissioner, the court exercises plenary review. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Stated differently, the court reviews the ALJ's application of the law *de novo*. Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007).

8.  Judicial review of the Commissioner's factual conclusions is limited to determining whether "substantial evidence" supports the decision. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)). Thus, even if the reviewing court would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190–91 (3d Cir. 1986).

**III.     Plaintiff's Objections**

   A.  <u>Whether the Magistrate Judge Erred in Her Review of the ALJ's Treatment of Dr. Rhee's Medical Opinions</u>

9.  Plaintiff's first objection stems from Judge Wells's review of the ALJ's treatment of the opinions of Dr. Rhee, Plaintiff's treating rheumatologist. Dr. Rhee opined that Plaintiff

3

lacked the capacity to perform the sitting, standing, and walking requirements of sedentary work. Yet, the ALJ concluded that Dr. Rhee's opinions were inconsistent with the entire medical record. Judge Wells found that the record contained substantial evidence to support the ALJ's decision.

10. In her objections, Plaintiff contends that the Magistrate Judge improperly accepted the ALJ's departure from Dr. Rhee's opinions of Plaintiff's ability to sit, stand, and walk.

11. Upon review of the record, Plaintiff restates an argument already presented to the Magistrate Judge. It is well established that "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." Gray v. Delbiaso, No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017), appeal dismissed 2017 WL 6988717 (3d Cir. 2017); see also Tucker v. PA, 18-201, 2020 WL 1289181, at *1 (E.D. Pa. Mar. 18, 2020). Stated differently, "[w]here objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." Prout v. Giroux, No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016); see also Luckett v. Folino, No. 09-0378, 2010 WL 3812329, at *1 (M.D. Pa. Aug. 18, 2010) (denying objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge [ ].").

12. Accordingly, for the reasons thoughtfully set forth in the R&R, I find that Judge Wells appropriately resolved this issue.

   B. <u>Whether the Magistrate Judge Erred in Her Review of the ALJ's Consideration of Plaintiff's Own Testimony About Her Functional Abilities</u>

13. Plaintiff's second objection concerns the ALJ's evaluation of Plaintiff's own testimony about her ability to participate in activities of daily living. Plaintiff claims that the ALJ

improperly discounted corroborating evidence from third parties about Plaintiff's limitations. Yet, Plaintiff plainly states that "she will not repeat this argument here because it is fully discussed in her opening brief . . . and in her reply brief." (Pl.'s Objections at 4, ECF No. 20.)

14. Plaintiff admittedly restates arguments previously presented in her request for review. Gray, 2017 WL 2834361, at *4; Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *4 (E.D. Pa. 2009) (holding that to re-address objections that were raised to the Magistrate Judge "would simply duplicate the thorough efforts of the Magistrate Judge and defeat any benefit of judicial efficiency gained by the report and recommendation process."). For the reasons set forth in the R&R, substantial evidence supports the ALJ's determination that Plaintiff is able to perform sedentary work with limitations.

**WHEREFORE**, it is hereby **ORDERED** that:

1. The Report and Recommendation (ECF No. 18) is **APPROVED and ADOPTED**;
2. Plaintiff's Objections are **OVERRULED**;
3. Plaintiff's Request for Review is **DENIED**;
4. Judgment is **ENTERED** in favor of **DEFENDANT**;
5. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*

**MITCHELL S. GOLDBERG, J.**